**UNITED STATES of America**

v.

**Fred McCURRY.**

**Cr. No. 18688.**

United States District Court
E. D. Pennsylvania.
Nov. 21, 1956.

W. Wilson White, U. S. Atty., Robert W. Lees, Asst. U. S. Atty., Philadelphia, Pa., for the United States.

Mark Charleston, Philip Richman, Philadelphia, Pa., for Fred McCurry.

KRAFT, District Judge.

The defendant, Fred McCurry, was found guilty by a jury on all eight counts of an indictment which charged that, in violation of 18 U.S.C. § 2313, he had received and sold four stolen motor vehicles, knowing them to have been stolen. His motion for judgment of acquittal or, alternatively, for a new trial, is now before us.

The pivotal question of fact during the trial was whether McCurry knew that the cars were stolen when he received and sold them. He now contends that the evidence was inadequate to support a finding of guilty knowledge beyond a reasonable doubt.

The defendant was an executive officer of and manager for McCurry Motors, Inc., a corporation which he controlled and, at times, used as his alter ego. The corporation had a franchise as a dealer in Studebaker automobiles in Philadelphia. Despite the fact that neither the corporation nor McCurry had previously handled Cadillacs, McCurry, within a period of about five weeks, purchased from total strangers four Cadillacs each recently stolen in New York. In the absence of some credible explanation, an inference that McCurry's conduct was not innocent was justified. Seefeldt v. United States, 10 Cir., 1950, 183 F.2d 713; United States v. Laurito, D.C.W.D. Pa.1954, 126 F.Supp. 116.

No colorable explanation was offered by the defendant. There was, however, other persuasive evidence indicative of his guilt. Evidence was presented which warranted a finding by the jury that the price paid by McCurry for each of the four vehicles was so low as to manifest his knowledge that each car was stolen. Two of the purchases were unrecorded transactions in which the defendant paid cash. Though he testified that the failure to record was caused by the bookkeeper's absence on vacation, the jury was not obliged to accept his testimony in view of the sharp evidential conflict on the question of the bookkeeper's absence. In a third purchase McCurry caused two corporate checks to be issued simultaneously, each payable to the purported seller and thereafter endorsed by someone with the payee's name, a method which provided McCurry with a ready means of retention of the proceeds of one check while recording in the corporate records payment by the two checks of an apparently fair price. In a fourth purchase the defendant similarly caused two corporate checks to be issued. In view of the close proximity of the corporation's bank and of the dissimilarity of the endorsements on each set of checks the jury was justified, under all the circumstances, in rejecting defendant's explanation of the purported reason for issuance of two checks in each of the two purchases.

If, as the defendant contends, a fair price was paid for each car the total outlay, under his testimony, would have been $13,000. Though McCurry's corporation was financially weak, this substantial sum was paid by him to four strangers without the semblance of an inquiry or effort to identify the seller with the person designated as owner in the title certificate, and this, despite the odd circumstance that, in each instance, the certificate on its face disclosed a very recent acquisition of the vehicle by the owner named therein.

Evidence was also offered that, when the defendant first learned of an investigation of one of the transactions, he attempted to conceal possession of one of the stolen cars which was then unsold. There was evidence, too, that he knew he was to receive a green Cadillac coupe a week before a purported stranger brought to him a stolen car of exactly that description which he then bought and resold.

It is needless to delve further into this lengthy record. The evidence was ample to sustain a finding that the defendant had the requisite knowledge.

The defendant next urges, in support of his motion for new trial, that the admission of the testimony of Special Agent Earp of the F.B.I., over objection, was improper. The indictment identified one of the cars involved by its alleged original engine block number and by the number to which the original was allegedly changed. To conform the proof to these allegations Earp was called and, over objection, testified that (1) in addition to the numbers on engine blocks, automobile manufacturers also place numbers on automobiles in locations which are neither publicly known nor readily accessible; (2) these numbers are initially identical with those stamped on the engine block; (3) the witness examined the car in question and found that its engine block number and its concealed manufacturer's number were different; (4) the two numbers found by the witness were those alleged in the indictment to be the changed and the original numbers respectively.

The defendant asserts that only the manufacturer was competent to testify to facts (1) and (2), and that an agent of the F.B.I., although trained and experienced in automobile identification, is not so qualified. We hold otherwise. United States v. Wheeler, 7 Cir., 1955, 219 F.2d 773; Commonwealth v. Blankenstein, 1923, 81 Pa.Super. 340. Moreover, had there been error in the admission of Earp's testimony, it was rendered harmless by the subsequent admission, without objection by the defendant, of similar testimony respecting the other three cars by a Special Agent of the National Auto Theft Bureau.

However, we are precluded from a determination of the merit of defendant's second contention by Federal Criminal Procedure Rules 33 and 45(b), 18 U.S.C. Reasons in support of a motion for new trial must be filed within five days after verdict, absent an order made within that period extending the time. Pugh v. United States, 9 Cir., 1952, 197 F.2d 509; Lujan v. United States, 10 Cir., 1953, 204 F.2d 171.[1] This reason was not filed until almost one month after the verdict and no extension order was requested or made.

1. See United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610. For construction of analogous provisions of Federal Rules of Civil Procedure, 28 U.S.C., cf. Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300; Marks v. Philadelphia Wholesale Drug Co., D.C.1954, 125 F.Supp. 369.