**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Louis SCHARF, Defendant-Appellant.**

No. 23274.

United States Court of Appeals Ninth Circuit.

Jan. 22, 1970.

Michael P. Balaban (argued), Beverly Hills, Cal., for defendant-appellant.

Howard B. Frank (argued), Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges and PENCE,* District Judge.

PER CURIAM.

Robert L. Scharf appeals from his conviction for having passed one twenty-dollar counterfeit Federal Reserve note and having possessed fifty-four counterfeit twenty-dollar Federal Reserve notes in violation of 18 U.S.C. § 472.

Appellant asserts that the evidence introduced at trial should have been suppressed as the product of two searches which violated the Fourth Amendment. The relevant facts are as follows: On May 5, 1968, United States Secret Service Agent Robert Sowers learned that the manager of the Selma Hotel in Hollywood, California had received a counter-

---

* Hon. Martin Pence, United States District Judge, District of Hawaii, sitting by designation.

feit twenty-dollar bill from a tenant, Daniel Parker. Sowers and the manager went to Parker's room. After Sowers knocked on the door and received no response, they used the manager's passkey to enter the room. A man—known to the manager as Bob Green and later identified as appellant—was found asleep in a bed and could not be awakened.

Sowers then learned of a second counterfeit bill which had been passed to a Mrs. Anderson, the manager of the Mission Hotel nearby. He went to that hotel a short time later to investigate. In the meantime the manager of the Selma Hotel without Sower's knowledge had telephoned Mrs. Anderson and related what had happened at the Selma Hotel. When Sowers talked with Mrs. Anderson she told him that she had received the second counterfeit bill from Bob Green, the man in Parker's room. She also told the agent that this man who gave her the counterfeit bill occupied Room 25 in the Mission Hotel. Sowers then obtained assistance and after establishing that Green was in his room knocked on the door and said, "Federal Agents, open the door, please." Appellant opened the door and was placed under arrest. The agents searched appellant's person and his room and found fifty-four counterfeit bills.

Appellant's motion to suppress this evidence, pursuant to Rule 41(e), FED. R.CRIM.P., was denied. He was convicted at non-jury trial on July 10, 1968. We affirm the conviction.

█ Appellant contends that the counterfeit bills found in his room were inadmissible at trial because they constituted the fruit of the illegal entry into his room at the Mission Hotel. We consider the entry to be lawful. Appellant himself opened the door. This Court has held that an entry through an open door without force does not constitute a "breaking" and thus does not require the officers to announce for the purpose of their presence. Dickey v. United States, 332 F.2d 773, 778 (9th Cir. 1964), cert. denied, 379 U.S. 948, 85 S.Ct. 444, 13 L. Ed.2d 545 (1964); Ng Pui Yu v. United States, 352 F.2d 626, 632 (9th Cir. 1965); Reyes v. United States, 417 F. 2d 916, 919 (9th Cir. 1969).

█ Appellant next asserts the inadmissibility of the evidence on the alternate ground that,

"Agent Sowers' observation of the Appellant * * * during the period of his unlawful intrusion upon room number 27 of the Selma Hotel constituted the thread which enabled Agent Sowers to identify Appellant as the person who passed the bill. * * * The subsequent arrest of Appellant and the search of Appellant and his room at the Mission Hotel was the direct 'fruit' of the observation of Appellant by Agent Sowers * * * at the Selma Hotel."

The identification and arrest of Scharf as Bob Green, however, was independently made. Agent Sowers traced a second counterfeit bill and the trail led unerringly to Scharf from information given to him by Mrs. Anderson. Applying the test of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441 (1963) [1], all evidence was obtained by means sufficiently distinguishable from the unlawful entry as to be admissible.

We have considered appellant's other allegations of error and find them without merit.

The judgment of conviction is affirmed.

---

1. "We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' Maguire, Evidence of Guilt, 221 (1959)." 371 U.S. at 487–488, 83 S.Ct. at 417.