**Ronald D. GIPE, by his Guardian, George F. Gipe, Appellant,**

v.

**John E. DEMPSEY et al., Appellees.**

**No. 26022.**

United States Court of Appeals, Ninth Circuit.

Nov. 5, 1971.

Rehearing Denied Dec. 23, 1971.

Vaughn E. Evans (argued), Philip Burton, Seattle, Wash., for appellant.

Thomas D. Frey (argued), of Guttormsen, Scholfield, Willits & Ager, Seattle, Wash., for appellees.

Before HAMLEY and KILKENNY, Circuit Judges, and GOODWIN, District Judge.*

KILKENNY, Circuit Judge:

Appellant prosecuted this action in district court under 42 U.S.C. § 1983 for an alleged violation of his civil rights. The case was tried to a jury and submitted on interrogatories. Based on the answers to the interrogatories, the court dismissed the action.

## FACTS

For the purposes of this appeal, we can say that the facts are practically undisputed. In Seattle, Washington, on March 22, 1964, Seattle policemen Dempsey and Heins were on patrol in a prowler car. At approximately 2:30 A.M., they received a radio dispatch in connection with a complaint on a disturbance in the appellant's residence. When they arrived at the scene they heard "loud, profane and obscene language" coming from the Gipe house. Before entering the house, the officers interviewed two people in an automobile in front of the house and a next door neighbor, the source of the complaint. From them it was determined that the yelling and hollering had been emanating from appellant's home for some time. The officers then approached the front door of the home and knocked. At this time the loud noises inside the appellant's residence were continuing. Someone opened the door and immediately stepped behind it. The officers entered the home and stood for a moment and asked who was the owner of the house and suggested that they quiet down. Appellant, then in plain view, continued yelling and asked why the officers were there and who had complained. About this time, he demanded a search warrant. The officers again told him to quiet down or they would have to place him under arrest. There is ample evidence in the record to show that appellant and the other occupants of the house had generously imbibed of intoxicating liquor. When the appellant would not quiet down, the officers placed him under arrest for a breach of the peace.[1] After Gipe was removed from the house, one Harris, a companion of appellant, jumped on one of the officers, beating him on the head with brass knuckles. Harris was subdued, but appellant continued to struggle. The officers had to "choke out" appellant before he would keep quiet.

## CONTENTIONS

We need consider only two of appellant's contentions: (1) that the trial court erred in failing to direct a verdict for appellant, and (2) that the trial court erred in not submitting to the jury the question of whether the officers had unlawfully entered the appellant's residence.

The following interrogatories were submitted to the jury and answered adversely to appellant's claims.

"(1) Did Ronald Gipe commit a breach of the peace in the presence of Officers Hines [sic] and Dempsey?

    Yes
    (Yes or No)

(2) Did Officers Hines [sic] and Dempsey use excessive force in making the arrest and/or transferring Ronald Gipe to the police station?

    No
    (Yes or No)"

---

* The Honorable Alfred T. Goodwin, United States District Judge for the District of Oregon, sitting by designation.

1. Ordinance No. 16046 of the City of Seattle prohibits fighting, drunkenness, disorderly conduct, disturbing the peace, and other matters.

The undisputed evidence is that the officers used no force in entering the home. They knocked on the door, the door was opened and they peaceably stepped inside. In these circumstances, the entry was lawful. United States v. Scharf, 421 F.2d 1239 (9th Cir. 1970); Reyes v. United States, 417 F.2d 916 (9th Cir. 1969); Ng Pui Yu v. United States, 352 F.2d 626 (9th Cir. 1965); Dickey v. United States, 332 F.2d 773 (9th Cir. 1964).

Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), upon which appellant relies, is not in point. In *Johnson,* the entry to the defendant's living quarters, which was the beginning of a search, was demanded by the officers under color of office. Here, the officers knocked on the door in the customary manner and the door was opened. The officers made no demand, nor did they then use any force. They simply stepped inside the house through the open door and encountered no resistance whatsoever. After their entry, the appellant committed a breach of the peace in the officers' presence. *Johnson* recognizes the validity of an arrest under such circumstances. *Johnson, supra,* p. 15, 68 S.Ct. 367.

The overwhelming weight of the evidence supports the jury's findings that appellant committed a breach of the peace in the presence of the officers and that the officers did not use excessive force in making the arrest or in transferring him to the police station. Appellant was not entitled to a directed verdict, nor was he entitled to have submitted to the jury his contentions that the officers had unlawfully entered his residence.

In the light of the foregoing, we need not reach the appellant's contention on punitive damages.

The judgment of the lower court is affirmed.