**Willis SMITH and Resolute Insurance Company of Hartford, Connecticut, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 21886.**

United States Court of Appeals Fifth Circuit.

Feb. 23, 1966.

George Nicholas, J. Edward Worton, Howard W. Dixon, Miami, Fla., for appellants.

Robert C. Josefsberg, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

Resolute Insurance Company of Hartford, Connecticut, brings this appeal alleging, *inter alia,* error in the trial court's refusal to remit and set aside forfeiture of appellant's $5,000 bail bond. Appellant Smith appeals from his conviction for violating certain federal narcotics laws on the grounds that (1) the two indictments returned against him were improperly consolidated for trial and (2) the evidence used against him was illegally seized in violation of his Fourth Amendment rights.

On January 15, 1964, appellant Smith was indicted by a federal Grand Jury for possession, sale and illegal importation of narcotics in violation of 26 U.S.C. §§ 4704(a) and 4705(a), and 21 U.S.C. § 174. Smith's bond was set at $5,000 and executed by appellant Resolute Insurance Company as surety.

The evidence reflects that on January 31, 1964, two federal agents went to Smith's apartment and placed him under arrest on the January 15 indictment. At the time of this arrest Smith was searched, and two heroin pills and an automatic pistol were removed from his person. Shortly thereafter, the Grand Jury returned a second indictment charging Smith with possession and illegal importation of narcotics pursuant to 26 U.S.C. § 4704(a) and 21 U.S.C. § 174. On this indictment, the bond was set at $10,000 and again the appellant Resolute Insurance Company signed as surety.

On April 4, 1964, the trial of Smith began on the first indictment. Smith arrived at the courtroom approximately one half hour late, and on the second day failed to appear altogether. Because the second day of trial on the first indictment was also the day the trial was scheduled to commence on the second indictment, the trial court forfeited both bonds.

Smith was subsequently apprehended and, over his objection, the cases were consolidated for trial. During the course of the trial, Smith's motion, timely made, to suppress the introduction of the evidence seized from his person was also denied. Following Smith's conviction, and upon appropriate application of Resolute, the trial judge set aside the forfeiture of the $10,000 bond, but refused to set aside or remit any portion of the $5,000 forfeiture.

I.

■ Appellant Smith contends that the search of his person without a warrant but at the time of his arrest was violative of his Fourth Amendment rights, and, therefore, that the evidence seized was improperly admitted at his trial. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). As to this contention, it is appropriate to observe that the Fourth Amendment does not require every search and seizure to be effected under the authority of a search warrant. Searches and seizures incident to a lawful arrest[1] have long been recognized as an exception to the rule requiring a warrant. Harris v. United States, 331 U.S. 145, 150–151, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947). The applicable rule is stated in Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1915):

> The right without a search warrant contemporaneously to search persons lawfully arrested while committing

[1]. There can be no question that the entry and arrest in the present case were lawful. Section 3109 of Title 18, United States Code, provides that an officer executing a search warrant may not "break open" any door or window unless first giving notice of his authority and purpose. The same requirements have been held to apply to arrests without warrants, Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); Dickey v. United States, 332 F.2d 773 (2d Cir. 1964), and to arrests with warrants. Leahy v. United States, 272 F.2d 487 (9th Cir. 1959). The principle enunciated in these cases is that entrance gained by fraud or other use of deception for the purpose of effecting an arrest is constitutionally permissible so long as *force* is not employed. The arresting officers in the present case, using the guise of telephone repairmen, had a valid warrant for Smith's arrest and were admitted *voluntarily* by him.

crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted. See Carroll v. United States, 267 U.S. 132, 158 [45 S.Ct. 280, 69 L.Ed. 543]; Weeks v. United States, 232 U.S. 383, 392 [34 S.Ct. 341, 58 L.Ed. 652].

There is substantial support for the principles announced in the *Agnello* decision. See, for example, Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 674 (1964); Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed. 2d 668 (1960); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Harris v. United States, *supra*. These authorities make it abundantly clear, without further analysis, that the search and seizure in the instant case was well within the permissible area of "search incident to arrest." There was no error, therefore, in the admission of the seized evidence.

■ Smith's other contention is that there was error in the consolidation of the two indictments for trial. We disagree. The procedural rule under which the trial court acted provides:

> The court may order two or more indictments * * * to be tried together if the offenses * * * could have been joined in a single indictment * * *. Rule 13, Fed.R. Crim.P., 18 U.S.C.

It is clear that under Rule 8(a) [2] the offenses charged in the separate indictments could have been charged in a single indictment because they were similar in character. Patterson v. United States, 324 F.2d 310 (5th Cir. 1963); Terry v. United States, 310 F.2d 715 (5th Cir. 1962); Gomez v. United States, 245 F.2d 344 (5th Cir. 1957); Kivette v. United States, 230 F.2d 749 (5th Cir. 1956).

■ The requirements of Rule 14 must also be met, however, when, as here, prejudice is alleged to have occurred by reason of the joint trial. This rule provides:

> If it appears that a defendant * * * is prejudiced by * * * joinder for trial together, the court may order an election or separate trials of counts * * * or provide whatever other relief justice requires. 18 U.S.C.

Whether prejudice exists is, of course, dependent on the particular facts and circumstances of each case and must be weighed against the interests of economy and expedition in judicial administration. Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964); Williams v. United States, 265 F.2d 214 (9th Cir. 1959). The issues in the consolidated cases against Smith were not complex and were clearly presented to the jury. Furthermore, under the evidentiary rules relating to "other crimes" or "prior crimes," [3] the evidence of each of the crimes charged here would have been admissible in a separate trial for the other, and, thus, the possibility that the jury would cumulate evidence or draw unreasonable inferences as to the criminal disposition of appellant would in no way be enlarged by the fact of joinder. Accordingly, we hold that the trial of the two indictments together was not error.

## II.

■ Appellant Resolute Insurance Company alleges four instances of reversible error. Appellant first contends that the trial court erred in refusing to continue the trial of appellant Smith fol-

---

**2.** Rule 8(a), 18 U.S.C., provides: "Two or more offenses may be charged in the same indictment * * * in a separate count for each offense if the offenses charged * * * are of the same or similar character or are based on the act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

**3.** See, generally, Drew v. United States, supra.

lowing his voluntary absence from the proceedings.[4] The decision to continue trial involves the careful balancing of defendant's right to confront his accusers, and other possible prejudice which might result from his absence, Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); United States v. Jones, 299 F.2d 661 (9th Cir. 1962); Crowe v. United States, 200 F.2d 526 (6th Cir. 1952), against the time and expense caused by defendant's efforts to defeat the proceedings by his departure or flight. Since the right to be present at one's own trial is one which we should carefully safeguard, and, since, accordingly, the trial court is given only a narrow discretion in deciding whether to continue the trial, we find it difficult to see how the decision not to proceed further in the present case constitutes reversible error. Furthermore, appellant's failure to object to the trial court's Rule 43 determination precludes appellant from doing so here. Stegall v. United States, 259 F.2d 83 (6th Cir. 1958); Parker v. United States, 184 F.2d 488 (4th Cir. 1950).

Resolute next contends that the trial court erred in (1) refusing to set aside the forfeiture of the $5,000 bond under § 46(f) (2), Fed.R.Crim.P., 18 U.S.C., and (2) denying its petition for remission under § 46(f) (4). Since the conditions under which forfeiture of a bond may be remitted are the same as those applicable to setting aside a forfeiture[5] —namely, if it appears that justice does not require the enforcement of the forfeiture—we treat these contentions as one.

■■■■ The purpose of a bail bond is, of course, to secure the presence of a defendant to answer the charge or charges against him and to respond to the judgment of the court, and at the same time afford freedom from harassment and confinement before proven guilty of the offense charged. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); Dudley v. United States, 242 F.2d 656 (5th Cir. 1957). The forfeiture provision is designed to discourage violations of bail covenants and to deter defaults which create unnecessary delay and expense to the government. Although appellant's actions in securing Smith's capture shortly after his failure to appear for trial are commendable (and the trial judge evidently thought so when he remitted the forfeiture on the $10,000 bond), we do not feel, therefore, that the judge abused the wide discretion accorded under Rule 46 in refusing to remit the $5,000 bond. United States v. Public Service Mutual, 282 F.2d 771 (2d Cir. 1960); accord, United States v. Eisner, 323 F.2d 38 (6th Cir. 1963); Herman v. United States, 289 F.2d 362 (5th Cir. 1961); United States v. Schlenvogt, 294 F.2d 275 (2d Cir. 1961); Larson v. United States, 296 F.2d 167 (8th Cir. 1961); United States v. Carolina Ins. Co., 237 F.2d 451 (7th Cir. 1956); Stanton v. United States, 226 F.2d 822, 15 Alaska 673 (9th Cir. 1955); United States v. Davis, 202 F.2d 621 (7th Cir. 1953).

■■■■ As its last ground of appeal, Resolute argues that the trial court erred in ordering the clerk not to accept appellant's petition for permission to file a petition for remission. Since the matter of setting aside or remitting the forfeiture had been fully presented, heard, and decided in three prior motions, we do not believe the trial court's action constituted reversible error.

The judgments of the court below are in all respects affirmed.

---

4. Rule 43, Fed.R.Crim.P., 18 U.S.C., provides: "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence * * *. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

5. Rule 46(f) (4) provides: "After [a forfeiture] * * * the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision."