**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ricardo Cornelius BEALE, Defendant-Appellant.**

**No. 29150.**

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1971.

Jack H. Cohen, Miami, Fla. (Court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael J. Osman, Harold F. Keefe, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and GODBOLD, Circuit Judges.

TUTTLE, Circuit Judge:

This appeal presents the question whether federal officers may utilize a trick or ruse to enter a hotel room, unannounced, for the purpose of making an arrest. Since we feel that the underlying rationale of Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828, is controlling, we hold that this method of entry invalidates appellant's arrest and makes inadmissible the evidence seized in the subsequent search.

Appellant was arrested in his hotel room by federal agents who gained admission to his room by having the hotel manager knock on appellant's door, announcing only his presence. When appellant opened the door, the agents entered and made the arrest. In a search incident to this arrest, they seized currency allegedly stolen by appellant in a bank robbery.

The relevant statute involved, 18 U.S. C. § 3109, reads as follows:

"The officer may *break open* any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, *after notice of his authority and purpose*, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant. (Emphasis added)

The question we must resolve is whether entrance by trick may be considered a "breaking" within the meaning of this statute, since it is clear that the officers did not give "notice of [their] authority and purpose."

This court has held that entrance gained by fraud or other use of deception for purpose of effecting an arrest is permissible as long as force is not involved. That is to say, such an entrance is not a breaking within the meaning of § 3109. Smith v. United States, 357 F.2d 486 at 488, fn. 1 (5th Cir., 1966). See also Leahy v. United States, 272 F.2d 487, 489 (9th Cir., 1959). However, in light of the Supreme Court's decision in Sabbath, *supra,* it is necessary to look at this issue once again.

▉▉ Sabbath held an arrest invalid in which "federal officers opened the closed but unlocked door of petitioner's apartment and entered in order to arrest him without first announcing their identity and purpose." 391 U.S. at 586, 88 S.Ct. at 1756. In so holding, the Court stated:

"Considering the purposes of § 3109, it would indeed be a 'grudging application' to hold, as the Government urges, that the use of 'force' is an indispensable element of the statute. To

be sure, the statute uses the phrase 'break open' and that connotes some use of force. But linguistic analysis seldom is adequate when a statute is designed to incorporate fundamental values and the ongoing development of the common law. * * * An unannounced intrusion into a dwelling—what § 3109 basically proscribes—is no less an unannounced intrusion whether officers break down a door, force open a chain lock on a partially open door, open a locked door by use of a passkey, or, as here, open a closed but unlocked door."

Though the question presented here was not specifically decided,[1] we, nevertheless, feel that the thrust of this decision requires that we hold that entry by use of deception, even where force is not involved, is governed by § 3109. Indeed, we can see no meaningful difference between gaining entrance into one's hotel room by pretending there is a visit by the hotel manager and by using the manager's passkey. Though it may be argued that in answering one's door, one assumes a risk and thereby voluntarily waives his right to the warning required by the statute, we feel that such a holding would truly be a "grudging application" of § 3109. In short, the agents' failure to announce their purpose and identity invalidates appellant's arrest and makes inadmissible the fruits of the search made incident thereto.

Appellants also contend that certain remarks made by the trial court in overruling motions were highly prejudicial. It is not necessary to decide this issue, although it is clear that they were inappropriate and were potentially quite damaging. There will be no occasion for them to be repeated in the event of a new trial.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

---

1. 7. "We do not deal here with entries obtained by ruse, which have been viewed as involving no 'breaking.' See, e. g., Smith v. United States, 357 F.2d 486, 488 n. 1 (C.A. 5th Cir., 1966); Leahy v.

United States, 272 F.2d 487, 489 (C.A. 9th Cir., 1959). See also Wilgus, n. 5, *supra*, at 806."
391 U.S. 585, 590 fn. 7, 88 S.Ct. 1755, 1758 (1967).