**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ricardo Cornelius BEALE, Defendant-Appellant.**

**No. 29150.**

United States Court of Appeals, Fifth Circuit.

July 14, 1971.

Rehearing Denied Aug. 17, 1971.

David Goldman, Jack H. Cohen, court appointed, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael J. Osman, Harold F. Keefe, Miami, Fla., Will Wilson, Asst. Atty. Gen., Sidney M. Glazer, Thomas M. Lockney, Attys., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before BROWN, Chief Judge, TUTTLE and GODBOLD, Circuit Judges.

PER CURIAM:

The petition of the United States for rehearing is granted. The

court recedes from its opinion insofar as it held that the underlying rationale of Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968) required that we hold that entry secured by deception and without use of force is governed by 18 U.S.C. § 3109.

Before *Sabbath* it was recognized that entry obtained by ruse or deception was not a violation of § 3109, because no "breaking" was involved. Smith v. United States, 357 F.2d 486, 488 n. 1 (5th Cir. 1966) (ruse, no force, entry stated to be valid); Dickey v. United States, 332 F.2d 773 (9th Cir.) cert. denied, 379 U.S. 948, 85 S.Ct. 444, 13 L. Ed.2d 545 (1964) (ruse, no force, entry held legal); Leahy v. United States, 272 F.2d 487 (9th Cir.), cert. dismissed, 364 U.S. 945, 81 S.Ct. 465, 5 L.Ed.2d 459 (1960) (ruse, no force, entry held legal); Gatewood v. United States, 93 U.S.App. D.C. 226, 209 F.2d 789 (1953) (ruse, door partially opened, occupant sought to close it and bar officers, force applied, entry held illegal); Ponce v. Craven, 409 F.2d 621 (9th Cir. 1969), and People v. Scott, 170 Cal.App.2d 446, 339 P.2d 162 and People v. Lawrence, 149 Cal.App.2d 435, 308 P.2d 821, under California statute similar to § 3109.

Sec. 3109 codifies a common law rule. *Leahy, supra; Sabbath, supra,* footnote 8. We are impressed by the discussion of the common law history in *Leahy,* revealing a long-standing distinction between entries where force is employed and those obtained by ruse or deception but without force.[1]

We have reexamined the language and structure of the opinion in *Sabbath* itself. While disclaiming the necessity of force as an indispensable element of § 3109, the analysis is in terms of *some* force, albeit minimal, in the sense of physical action by the officer to remove the barrier that prevents his entry. Thus the court referred to entry through a closed but unlocked door, entry by passkey, opening the chain lock

on a partially open door. And, in footnote 5, the Court referred to the usefulness of common and case law analogies of burglary—"lifting a latch, turning a door knob, unlocking a chain or hasp, removing a prop to, or pushing open, a closed door of entrance to the house— even a closed screen door." 391 U.S. at 590, 88 S.Ct. at 1758.

Since *Sabbath,* the Seventh Circuit has reaffirmed the legality of the ruse entry. United States v. Syler, 430 F.2d 68 (7th Cir. 1970).

Bearing all these considerations in mind, we are forced to the conclusion that *Sabbath,* by footnote 7, left undisturbed the existent distinction between entry where some force is employed and entry where force is not an element at all. We are not without doubts. The "fundamental values" and "ongoing development" to which *Sabbath* refers, 391 U.S. at 589, 88 S.Ct. 1755, include a broadening recognition of the citizen's right to privacy. Nevertheless we conclude that if entry by deception and wholly without application of force is to be brought within § 3109, it should be by the Supreme Court.

We do not view federal constitutional standards as requiring a different result. *See* Ker v. California, 374 U.S. 23 at 38, 83 S.Ct. 1623, 10 L.Ed.2d 726 (separate opinion of Justices Clark, Black, Stewart and White), Ponce v. Craven, *supra,* 409 F.2d at 626, and footnote 8 of *Sabbath.*

Rehearing granted. The conviction of appellant is affirmed.

TUTTLE, Circuit Judge (dissenting):

With deference, I dissent from the granting of the petition for rehearing and the reversing of the earlier opinion of this court.

The extreme result of what the court advances by this judgment may well be illustrated by the statement of the principle involved in the government's initial brief in this court. The brief there

---

1. *See also* the concurring opinion of Judge Pope in *Leahy,* 272 F.2d at 491: "My

search has failed to turn up any case equating a ruse or fraud with force."

said, "It is well settled that entrance gained *by fraud or other deception for* the purpose of effecting an arrest is constitutionally permissible so long as force is not employed," citing Smith v. United States, 357 F.2d 486 (5 Cir., 1966), and Leahy v. United States, 272 F.2d 487 (9 Cir., 1959). The court in its opinion to which this dissent is made, more euphemistically uses the words "deception" and "ruse." Nevertheless, what we are dealing with is the right of the government to obtain entrance into a person's home by the use of fraudulent tale, no matter what the dimensions of the fraud or deceit involved.

I think this court correctly held, in the opinion of January 11th, that the Supreme Court's decision in Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828, an opinion of the court to which only a single justice dissented, required us to take a second look at the issue, which we had previously decided in the Smith case against the accused.

I think it is significant to note that in Sabbath, the Court commented on the case of Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958), saying that in the Miller case "the common law background of Section 3109 was extensively examined." In the Miller case, the Court said, "The requirement of prior notice *of authority and purpose* before forcing entry into a home is deeply rooted in our heritage and should not be given grudging application. Congress, codifying a tradition embedded in Anglo-American law, had declared in Section 3109 the reverence of the law for the individual's right of privacy in his house." (Emphasis added.)

If the basic principle is, as I deem it to be, "the reverence of the law for the individual's right of privacy in his house," then, it seems to me, that we should not hesitate to apply what to me appears to be a clear and logical extension of the doctrine announced in *Sabbath,* without requiring the indigent accused to seek an opportunity to present, by certiorari, his plea to the Supreme Court.[1]

The concept, accepted by this court, in spite of the Supreme Court's statement that we are dealing with a statute "designed to incorporate fundamental values and the ongoing development of the common law" appears to be such "grudging application" of Section 3109 as was rejected by the Court in *Sabbath.*

I, therefore, respectfully dissent from the judgment of the court affirming the conviction, and I would adhere to the original opinion unanimously arrived at by the court.

---

1. Statistical studies show that there were entered on the Supreme Court's appellate dockets 1758 cases and on the miscellaneous docket 2429 cases, or a total of 4187 during the last court year, and that to date, during this court year, there have been filed a total of 3982 such cases.