**Willis SMITH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1142**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 8, 1971.

Willis Smith, pro se.

Robert W. Rust, U. S. Atty., Marsha L. Lyons, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Willis Smith is serving a fifteen year sentence for violating federal narcotics laws, 26 U.S.C. §§ 4704(a) and 4705(a) and 21 U.S.C. § 174. Following a trial

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

by jury, this Court affirmed on direct appeal, Smith v. United States, 5 Cir., 1966, 357 F.2d 486.

Appellant filed a "petition for writ of error coram nobis" in the trial court claiming that he was denied a fair and complete direct appeal because the trial transcript reviewed on appeal did not include the jury selection proceedings and the closing arguments of counsel. The District Court, treating the petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255,[1] denied relief for failure to allege grounds upon which relief could be granted.

In his petition appellant did not allege how he was prejudiced by the failure to transcribe those segments of the proceedings. Further, he made no claim of any error whatever in the selection of the jury or in the closing arguments. There being no other allegations upon which relief could be granted, the judgment below is affirmed, 28 U.S.C. § 2255.

Affirmed.

---

1. The present case does not present a situation where resort to coram nobis is necessary. For a discussion of the availability of coram nobis relief subsequent to the enactment of § 2255 see Currie, Federal Courts (1968) pp. 209–211 and cases cited therein.