**Jasper Ray PRUITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45762.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Byron Chappell, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Richard D. Monroe, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant was convicted of assault with intent to murder without malice by a jury, with punishment assessed by the court at fourteen (14) months.

Appellant was in possession of Apartment 21 at 2801 Slide Road in Lubbock. Armed with a proper search warrant to search the premises for gambling or gambling paraphernalia on April 12, 1969, Officer Billy Knox and Deputy Jim Cooper went to the door of the apartment. Both officers testified that Knox told appellant they were officers and had a search warrant after which appellant attempted to close the door, then there was an ensuing scuffle, and appellant fired three shots and wounded Deputy Jim Cooper.

Officer Knox said he first got appellant to open the door by telling him he wanted to play cards or shoot craps.

Appellant's defense was, and he so testified, that he did not know the men who knocked on his door were officers, if he had known it, he would have let them in; he saw only one man; did not know he was an officer or had a search warrant; he thought the man he saw was a hijacker.

Neither the sufficiency of the evidence nor the correctness of the charge of the court is challenged on this appeal.

The careful trial judge charged in effect on appellant's right to defend himself against the intrusion into his apartment if

he did not know and had not been informed that the men were officers with a search warrant and thought he was about to be robbed.

This issue of fact was resolved by the jury against appellant by the verdict of guilty.

Appellant's sole ground of error reads as follows:

"The admission into evidence, of the events that transpired after entry was gained to the apartment rented by Ray Pruitt, was reversible error since such entry was gained by deceptive and fraudulent means accompanied by force."

Here we note that no objections were made at the trial to the evidence in question on these grounds.

Appellant cites Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 and Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828. Both of these cases involve search without a warrant.

Accarino v. United States, 85 U.S.App. D.C. 394, 179 F.2d 456; Gatewood v. United States, 93 U.S.App.D.C. 226, 209 F.2d 789; and United States v. Beale, 5 Cir., 445 F.2d 977, also cited by appellant, hold that officers should give notice before entry.

Article 18.16 of the Vernon's Ann.Texas Code of Criminal Procedure states:

"The officer shall, upon going to the place ordered to be searched, or before seizing any property for which he is ordered to make search, give notice of this purpose to the person who has charge of, or is in an inmate of, the place, or who has possession of the property described in the warrant."

Article 18.18 of the Texas Code of Criminal Procedure states:

"In the execution of a search warrant, the officer may break down a door or a window of any house which he is or-

dered to search, if he cannot effect an entrance by other less violent means; but when the warrant issues only for the purpose of discovering property stolen or otherwise obtained in violation of the penal law, without designating any particular place where it is supposed to be concealed, no such authority is given to the officer executing the same."

The testimony of the State shows full compliance, that of the appellant shows failure to comply.

The jury under appropriate instructions decided this question adversely to appellant.

Appellant's ground of error is overruled and the judgment of the trial court is affirmed.

Opinion approved by the Court.