**STATE of Missouri, Respondent,**

v.

**Larry G. TILCOCK, Appellant.**

**No. KCD 26882.**

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

Hill, McMullin & Wilson, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Dan Summers, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Defendant appeals from a jury imposed sentence of seven years. He was charged with the sale of a quantity of amphetamine sulfate.

There is no issue as to the sufficiency of the evidence and the facts may be simply stated. A police officer assigned to narcotics and working under cover was informed by a trusted and reliable informant that the defendant would sell. The informant and the police officer went together to a tavern. The defendant waved to them, and they went to the bar where a short conversation occurred. The threesome then retired to a narrow hallway leading to the restrooms of the tavern. This hallway had a water heater in it and was apparently in excess of 6 feet long and less than 3 feet wide. The defendant was at the end of the hall, then the officer, and then the informant. The officer's back was to the informant who was acting as a lookout at the door of the hallway leading to the tavern. The testimony indicates the policeman was close enough to pass money to the defendant, but the informant was five to six feet away. The only conversation in the hallway consisted of the defendant saying he had "twenty of them for $5.00." The officer gave him the $5.00, and defendant indicated they were on the water heater. The officer saw and retrieved a tin foil packet, opened it, saw small white pills which he said were known as "mini whites." The packet and its pill contents were kept in a continuous chain of custody, and the defense stipulated the admission of the chemical report which showed they were amphetamine sulfate.

Three other officers were involved, but two of them did not testify, having had no part in the proceedings. Officer O'Rear, appropriately described as the "backup crew," was a part of the chain of evidence on the pills, but witnessed the meeting and the conversations at such a distance that his testimony adds nothing to the essential facts.

■ Defendant's motion for a new trial raises two points, the complaining officer's testimony that defendant offered larger sales and sales of "smack" (heroin) and denial of disclosure of the identity of the informer. In brief filed here, defendant also asserts error in permitting the arresting officer to testify that the small white pills purchased were "mini whites." The

defendant had objected to this testimony on the grounds that the officer was not a chemist. The defendant, however, failed to include the claimed error in his motion for new trial, and it cannot now be urged as a ground for reversal. Rule 27.20(a), V.A.M.R.; State v. Raspberry, 452 S.W.2d 169 (Mo.1970). Defendant had stipulated *prior* to trial that the pills in question were amphetamine sulfate, and the officer had testified that in street parlance, the pills were known as "mini whites." No claim is made that the testimony should be considered as plain error.

The defendant also claims in his brief that the argument of the prosecutor based on the testimony of the officer that the defendant would sell larger quantities or other drugs was error. Again, the motion for new trial does not raise this issue; it is not before this court on this appeal. Rule 27.20(a). *Raspberry,* supra. Nor has defendant sought review as plain error.

The same evidence of the officer as to sale in 1,000 lots and of "smack" was objected to at trial on the ground of showing other offenses. The trial court overruled the objection and the defendant's claim of error in that ruling has been preserved in the motion for new trial. The trial court in his ruling on the objection noted the evidence bore on the intent of the defendant in making a sale.

Defendant's cited cases all deal with the state offering or arguing evidence of *prior* crimes. This evidence was as to the proposed commission of a subsequent offense and of a nature so as to bear directly on the intent or motive or the defendant as to the instant charge. Clearly, this evidence is within the exception permitting such proof to show motive or intent. State v. Niehoff, 395 S.W.2d 174, 180 (Mo.1965).

The final issue raised by the defendant is the claim of error, properly preserved, that the trial court erred in refusing to require the State to divulge the name of the informant who accompanied the arresting officer. Relying on State v. Davis, 450 S.W.2d 168 (Mo.1970), the defendant urges that the informant necessarily possessed information helpful to the defense. The disclosure of an informant's name involves the balancing of the interest of the State in protecting the identity of the informant and the need for the disclosure to provide the defense with whatever assistance to the defendant the informant's testimony might be. State v. Hubble, 494 S.W.2d 358, 361 (Mo.App.1973). The trial court was cognizant of and applied the proper test by withholding a ruling on the disclosure until the evidence had been developed as to the role of the informer in the entire transaction. Based upon that, the trial court found the informant was not a witness to the critical stage of the transaction because of the distance between the informant and the defendant. The arresting officer was also interposed between the informer and the defendant in the narrow hallway which would have interfered with his opportunity to see and hear the defendant. The informant's attention was also diverted by his acting as a "lookout." The part played in the transaction by this informant is minor and distinguishes *Davis,* supra, and Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), which involved informants who were much more involved in the entire occurrence. *Davis* also involved a defendant who interposed an active defense which clearly demonstrated the need for the informer's testimony.

The judgment of conviction is affirmed.

All concur.