THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ANNE R. BARGO, Defendant-Appellee.
First District (4th Division)    No. 76-1079

Opinion filed September 21, 1978.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Paul Benjamin Linton, Assistant State's Attorneys, of counsel), for the People.

Dean S. Wolfson, Francis E. Andrew, and Lawrence J. Suffredin, Jr., all of Chicago, for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The defendant, Anne R. Bargo, was charged with possession of controlled substances in violation of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402). On November 19, 1975, the defendant made a pretrial motion to quash the search warrant issued and to suppress the evidence seized pursuant to that warrant. The circuit court of Cook County denied defendant's motion to quash the search warrant, but granted her motion to suppress the evidence seized. The People of the State of Illinois appeal from that order, and we reverse and remand for trial.

The issue presented for review is whether the use of a subterfuge by police officers to gain entrance to a home for the purpose of executing a valid search warrant vitiates the legality of the subsequent search and renders all evidence seized inadmissible.

The record reveals the facts to be as follows: On October 29, 1975, a search warrant, authorizing a search of defendant, Anne Bargo, and the premises at 5346 North Laramie in Chicago, was issued based upon a complaint sworn by Chicago Police Officer John Kozarits. A search was

subsequently conducted and the police officers seized, *inter alia,* 71 grams of amphetamine, 100 grams of a barbituric acid derivative, 122 capsules and tablets of methoqualine, 183 tablets of Deludin, 152 tablets of Preludin, and 53 capsules of liquid Placedyl. The defendant was arrested and charged with possession of controlled substances. Ill. Rev. Stat. 1973, ch. 56½, par. 1402.

The trial court heard the testimony of witnesses on defendant's pretrial motion. The defendant testified that on October 29, 1975, at approximately 3 p.m., the doorbell rang at her home at 5346 North Laramie. She went to the door and observed a man dressed in the uniform of a United States postman. The man asked the defendant her name, and then stated that he had a package for her from California. He asked her to sign for it; however, she informed him that she was not expecting any package. According to the defendant, the man was inside of her home at the time of their conversation. The "postman" then identified himself as a police officer. The defendant testified that she had voluntarily admitted the officer to her home before learning his true identity.

Officer John Kozarits testified that after the defendant opened her door he then ran up the stairs where both he and the investigator identified themselves as police officers. The defendant was given a copy of the warrant. According to Officer Kozarits, after the officers had identified themselves and served the warrant, they entered the residence.

The trial court specifically found that the police officers had entered defendant's residence before announcing their office. The court granted defendant's motion to suppress the seized evidence on the ground that the manner of execution of the warrant was "a sham and a subterfuge."

The State does not challenge the trial court's factual determination on appeal. Rather, the State contends that the officers' employment of a subterfuge, unaccompanied by any element of force, to secure entrance to a home for the purpose of executing a valid search warrant, does not affect the legality of the subsequent search or the admissibility of evidence seized under the warrant's authority. We agree.

■■ As the parties point out, there appears to be no Illinois law directly applicable to these circumstances. Section 108—8 of the Illinois Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 108—8) provides that "All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant." This statute has been specifically construed "to prohibit forced entries to execute search warrants without a prior announcement of authority and purpose, unless at the time of entry there exist circumstances which excuse compliance with this requirement." (*People v.* Stephens (1974), 18 Ill. App. 3d 817, 821, 310 N.E.2d 755, 758.) In the instant case, however, there is no evidence that any force was employed to

gain entry to defendant's home. Therefore, there is no need to discuss the existence or nonexistence of any exigent circumstances here. The employment of subterfuge alone in the execution of a valid search warrant is at issue here. We find, therefore, that absent the use of force, the employment of a subterfuge to gain entry to a home to execute a search warrant is not prohibited by section 108—8 (Ill. Rev. Stat. 1973, ch. 38, par. 108—8), or by any decision of the courts of this State.

Federal courts have upheld the constitutional validity of the use of a subterfuge or ruse in executing arrest warrants, and the validity of subsequent warrantless searches conducted incident to such lawful arrests. (See *Smith v. United States* (5th Cir. 1966), 357 F.2d 486, 488-89; *Leahy v. United States* (9th Cir. 1959), 272 F.2d 487, 490, *cert. dismissed* (1961), 364 U.S. 945, 5 L. Ed. 2d 459, 81 S. Ct. 465.) After stating that the same requirements regarding the use of force to gain entry applied to the execution of both search and arrest warrants (*Leahy,* at 489), the *Leahy* court distinguished the use of force from the use of mere subterfuge, and held that "There is no constitutional mandate forbidding the use of deception in executing a valid arrest warrant." (*Leahy,* at 490.) In *United States v. Syler* (7th Cir. 1970), 430 F.2d 68, 70, the United States Court of Appeals sustained the trial court's finding that no force was employed to obtain entry to the bungalow involved, and held that "Reliance upon ruse as a means of access to the interior of the house did not invalidate the legality of the entry and ensuing arrests." In *Syler,* a valid arrest warrant had issued and a Federal agent had posed as a "Gas man" in order to induce the defendant to open her door. *Syler,* at 69.

The principle that is apparently promulgated by the Federal cases is that entrance gained by subterfuge or other use of deception for the purpose of executing a valid warrant is constitutionally permissible so long as force is not employed. (See *United States v. Beale* (5th Cir. 1971), 445 F.2d 977, 978; *Smith v. United States* (5th Cir. 1966), 357 F.2d 486, 488.) We believe that this principle is reasonable and therefore reverse and remand the instant case for trial.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded.

Reversed and remanded.

ROMITI and LINN, JJ., concur.