498 So.2d 1365 (1986)
Eugene Glynn RYALS, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 86-371.
District Court of Appeal of Florida, Fifth District.
December 18, 1986.
Ronald E. Fox, P.A., Umatilla, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
LEE, R.E., Jr., Associate Judge.
An officer of the Ocala Police Department sought and properly obtained a warrant to search appellant's, Eugene Glynn Ryals', residence. Two officers, one in plain clothes, went to appellant's residence. The plain clothes officer knocked on the door of the residence while the other officer hid around the corner of the building. After the plain clothes officer knocked, he claimed to be a distributor of religious tracts. When the door was opened (but not by the appellant), the hidden police officer came to the door and displayed his badge. Both officers then entered through the open door, served the search warrant, and subsequently found cocaine. Ryals raises two questions on appeal: (1) May a police officer use deception, such as a religious ruse, to gain entry into premises in order to serve and execute a search warrant? and (2) Did the affidavit upon which the warrant was based present sufficient facts for a finding of probable cause? We answer both questions affirmatively.
Section 933.09, Florida Statutes (1985), Florida's "knock and announce" rule, provides:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.
Appellant, relying on State v. Kelly, 287 So.2d 13 (Fla. 1973), contends that the police officers failed to "knock and announce" before entering his residence, and that any evidence obtained from the search of his residence therefore should have been suppressed.
The question of whether the use of deception by the police violates the "knock and announce" rule has not yet been answered *1366 in Florida. However, it has been widely addressed in other jurisdictions, particularly the federal courts, which have held, almost universally, that such entry by ruse or deception does not violate the "knock and announce" rule as codified in 18 U.S.C. § 3109, the language of which is almost identical to that in section 933.09, Florida Statutes (1985). See United States v. Raines, 536 F.2d 796 (8th Cir.), cert. denied, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976) (government agent obtained entry by posing as friend of defendant's drug dealer); United States v. Beal, 445 F.2d 977 (5th Cir.1971), cert. denied, 404 U.S. 1026, 92 S.Ct. 697, 30 L.Ed.2d 676 (1972) (federal agents gained admission to defendant's hotel room by having hotel manager knock on defendant's door and announcing only his presence); United States v. Syler, 430 F.2d 68 (7th Cir.1970) (secret service agent posed as a gas man); Smith v. United States, 357 F.2d 486 (5th Cir.1966) (federal agents posing as telephone repair men). See also Griffin v. State, 419 So.2d 320 (Fla. 1982) ("knock and announce" rule not violated where police officer who had been invited into defendant's home to make a drug purchase left the premises ostensibly to get a scale and money from his car, but returned with several other officers who did not knock or announce their presence before entering and arresting those involved in the sale).
Generally, the rationale of the cases holding that entry by deception does not violate the "knock and announce" rule is that there has been no "breaking" or use of force in the entry and, therefore, no announcement of authority or purpose is required prior to entry. See, e.g., Beal, supra; Smith, supra. See also United States v. Covington, 385 A.2d 164 (D.C. App. 1978). Additional support is found in the Supreme Court's pronouncement that "criminal activity is such that stealth and strategy are necessary weapons in the arsenal of the police officer." See, e.g., Covington, 385 A.2d at 167, n. 3 (quoting Sherman v. U.S., 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958)).
We agree with the clear weight of authority that the use of deception or ruse does not violate the "knock and announce" rule. The trial court's denial of the defendant's motion to suppress on this basis was therefore correct.
We now consider appellant's allegation that the affidavit upon which the search warrant was issued failed to demonstrate probable cause.
Section 933.07, Florida Statutes (1985), requires a finding of probable cause before a judge can issue a search warrant. The test for determining the existence of probable cause based upon an informant's tip is governed by Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). There, the Supreme Court held that this requirement of probable cause is to be applied in light of the "totality of the circumstances" made known to the issuing judge. In the instant case, the applying police officer submitted a sworn affidavit which (1) identified the officer and stated his education and experience in narcotics transactions; (2) explained how a reliable confidential informant wearing a transmitting device had made a cocaine buy from a person he identified as Eugene Ryals; (3) set forth two other drug buys from the appellant (on different dates) made by the same informant and under the same controlled and monitored circumstances; and (4) showed a continuous series of narcotics transactions by Ryals and Facts to indicate the probable presence of substantial quantities of drugs on his premises. The issuing judge, upon receipt of the affidavit setting forth the facts, made a practical, commonsense decision that there was a "fair probability" that contraband would be found in the appellant's residence, Gates, 426 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548, and issued the warrant in full compliance with the Gates test. The judge would hardly have had more probable cause unless he himself had personally witnessed the transactions as set forth in the affidavit. Additionally, the facts in this case are analogous to those in State v. Cohen, 442 So.2d 346 (Fla. 5th DCA 1983), *1367 in which this court noted that the fact "the [police] affiant personally supervised the controlled buy resulting in the purchase of contraband from the described premises was sufficient probable cause to justify the warrant." Id. at 348.
The trial court properly denied Ryals' motion to suppress for the reasons set forth in this opinion.
AFFIRMED.
UPCHURCH, C.J., and COBB, J., concur.